IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LOGAN BERKOWITZ, ) | |
| ) | Case No. 08cv4940 |
| Plaintiff, ) | |
| ) | |
| v. ) | Judge Matthew F. Kennelly |
| ) | Magistrate Judge Martin Ashman |
| BLUE CROSS/BLUE SHIELD OF ILLINOIS, ) | |
| ) | |
| Defendant. ) | |

## ANSWER TO PLAINTIFF'S COMPLAINT AT LAW

Defendant Blue Cross/Blue Shield of Illinois, a Division of Health Care Service Corporation, a Mutual Legal Reserve Company[1] ("HCSC") pursuant Federal Rules of Civil Procedure 8(b) and 12(a), answers Plaintiff Logan Berkowitz's ("Berkowitz" or "Plaintiff") Complaint as follows:

## COMPLAINT ¶ 1:

Jana German f/k/a Jana Berkowitz is an employee of United Airlines and a subscriber to United Airlines Employee Welfare Benefit Plan, hereafter referred to as the ("Plan") and the mother of Plaintiff, LOGAN BERKOWITZ.

## ANSWER:

HCSC admits that Jana German f/k/a Jana Berkowitz is an employee of United Airlines and a participant in the United Airlines Employee Welfare Benefit Plan ("Plan"). Based upon information and belief, HCSC admits that Jana German f/k/a Jana Berkowitz is the mother of Plaintiff, Logan Berkowitz. HCSC denies the remaining allegations contained in paragraph 1 of the complaint.

---

[1] The Complaint incorrectly names "Blue Cross Blue Shield of Illinois" as the Defendant. Moreover, the proper Defendant is United Airlines Employee Welfare Benefit Plan ("the Plan").

**COMPLAINT ¶ 2:**

Jana German f/k/a Jana Berkowitz receives various employee benefits, Including, but not limited to, health care coverage under the Plan.

**ANSWER:**

HCSC admits the allegations contained in paragraph 2 of the complaint.

**COMPLAINT ¶ 3:**

Logan Berkowitz obtains health care coverage, including dental coverage, under his mother's group plan with United.

**ANSWER:**

HCSC admits the allegations contained in paragraph 3 of the complaint.

**COMPLAINT ¶ 4:**

Logan Berkowitz is a qualified beneficiary of health care benefits under the Plan pursuant to 29 USC 1132(a)(1)(B).

**ANSWER:**

HCSC admits the allegations contained in paragraph 4 of the complaint, but denies that

Plaintiff is entitled to relief.

**COMPLAINT ¶ 5:**

Defendant, Blue Cross/Blue Shield of Illinois, is a domestic corporation authorized to do business in the State of Illinois and engaged in the business of underwriting and issuing health insurance policies, and providing health insurance coverage for Plan subscribers.

**ANSWER:**

HCSC admits that it is a domestic corporation authorized to do business in the State of

Illinois and engaged in the business of underwriting and issuing health insurance policies, and

providing health insurance coverage for Plan subscribers.  By further answer, Blue Cross Blue

Shield of Illinois did not issue a policy of insurance to United or to Plaintiff.  The Plan is self-

insured, and HCSC acts as claims administrator.  HCSC denies the remaining allegations

contained in paragraph 5 of the complaint.

**COMPLAINT ¶ 6:**

Jana German f/k/a Jana Berkowitz provided consideration for health insurance coverage with Blue Cross/Blue Shield of Illinois for herself, and Plaintiff Logan Berkowitz, by entering into the Plan and paying premiums for medical coverage through the Plan.

**ANSWER:**

HCSC admits that Jana German f/k/a Jana Berkowitz provided consideration for health coverage under the Plan for herself, and Plaintiff Logan Berkowitz, by enrolling in the Plan and paying premiums for medical coverage through the Plan.  HCSC denies the remaining allegations contained in paragraph 6 of the complaint.

**COMPLAINT ¶ 7:**

On January 17, 2007, Plaintiff's treating dental physician, Dr. Michael Steichen, diagnosed Plaintiff as suffering from severe maxillary hypoplasia with relative mandibular hyperplasia resulting in a gross and severe malocclusion which is not correctable solely by orthodontic treatment.

**ANSWER:**

HCSC admits that Dr. Michael Steichen, Plaintiff's physician, informed HCSC that Plaintiff had severe maxillary hypoplasia with relative mandibular hyperplasia resulting in gross and severe malocclusion, not corrected by orthodontics alone.  HCSC denies the remaining allegations contained in paragraph 7 of the complaint.

**COMPLAINT ¶ 8:**

On March 21, 2007, Plaintiff's treating physician, Dr. W. Pierce, diagnosed Plaintiff with maxillary hypoplasia and mandibular hyperplasia, conditions which affect Plaintiff's ability to chew food properly and which, if untreated, cause abnormal swallowing, choking and other health issues.  Dr. Pierce recommended that an oral surgeon perform a surgical correction to remedy Plaintiff's proble.

**ANSWER:**

HCSC admits that on March 21, 2007, Dr. W. Pierce informed HCSC that Plaintiff suffers from maxillary hypoplasia and mandibular hyperplasia, conditions which affect Plaintiff's ability to chew food properly and which may cause difficulty with

3

swallowing/choking, indigestion, gastrointestinal discomfort and poor nutritional absorption. HCSC further admits that Dr. Pierce recommended than an oral surgeon perform a surgical correction. HCSC denies the remaining allegations contained in paragraph 8 of the complaint.

**COMPLAINT ¶ 9:**

Plaintiff made a claim under his mother's group plan for insurance coverage for corrective surgery to remedy the maxillary hypoplasia and mandibular hyperplasia.

**ANSWER:**

HCSC admits that Plaintiff made a claim under the Plan for health coverage for surgery to remedy maxillary hypoplasia and mandibular hyperplasia. HCSC denies the remaining allegations contained in paragraph 9 of the complaint.

**COMPLAINT ¶ 10:**

On October 26, 2007, Blue Cross/Blue Shield denied Plaintiff's claim.

**ANSWER:**

HCSC admits that it denied Plaintiff's claim on October 26, 2007. HCSC denies the remaining allegations contained in paragraph 10 of the complaint.

**COMPLAINT ¶ 11:**

Plaintiff has duly complied with all conditions precedent required of him in submission of his claim.

**ANSWER:**

Defendant lacks knowledge or information sufficient to form a belief as to the meaning of the phrase "duly complied with all conditions precedent required of him" as used by the Plaintiff, and therefore denies the allegations contained in paragraph 11 of the complaint.

**COMPLAINT ¶ 12:**

Defendant, Blue Cross/Blue Shield of Illinois, by denying the claim, has breached its contract with Plaintiff to Plaintiff's detriment.

**ANSWER:**

HCSC denies the allegations in contained in paragraph 12 of the complaint. Plaintiff does not have a contract with Blue Cross Blue Shield of Illinois.

**DEFENSES AND AFFIRMATIVE DEFENSES**

1. Plaintiff fails to state claims upon which relief can be granted.

2. Plaintiff fails to name the proper party, the United Airlines Employee Welfare Benefit Plan ("Plan"), upon which he is claiming benefits.

3. To the extent Plaintiff asserts claims under state law, such claims are preempted by the Employee Retirement Income and Security Act ("ERISA"), 29 U.S.C. § 1001 et seq.

4. Pursuant to the terms of the Plan, Plaintiff made a claim under ERISA to the Plan Administrators of the Plan requesting certain benefits, which were denied. The denial of benefits under the Plan was not arbitrary or capricious.

WHEREFORE, Defendant Requests that this Court enter an order denying Plaintiffs' claims and awarding HCSC such relief as the Court deems appropriate, including, but not limited to, attorney's fees and costs.

**DATED: September 4, 2008.**　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　BLUE CROSS BLUE SHIELD OF ILLINOIS,
　　　　　　　　　　　　　　　　　　　　　a division of HEALTH CARE SERVICE
　　　　　　　　　　　　　　　　　　　　　CORPORATION, a Mutual Reserve Company


　　　　　　　　　　　　　　　　　　　　　By____s/ Jonathan J.C. Grey_____
　　　　　　　　　　　　　　　　　　　　　　　　　One of Its Attorneys

Ronald J. Kramer
rkramer@seyfarth.com
Jonathan J.C. Grey
jgrey@seyfarth.com
SEYFARTH SHAW LLP
131 S. Dearborn Street, Suite 2400
Chicago, Illinois  60603
(312) 460-5000 (telephone)
(312) 460-7000 (facsimile)

CH1 11545433.4

## CERTIFICATE OF SERVICE

I, Jonathan J.C. Grey, an attorney, do hereby certify that I have caused a true and correct copy of the foregoing DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT AT LAW to be served upon the following, by depositing a copy of same in the U.S. Mail, postage prepaid, on this 4th day of September, 2008:

> CONDON & COOK, L.L.C.
> 745 N. Dearborn Street
> Chicago, Illinois 60654

          ___s/ Jonathan J.C. Grey_____
             Jonathan J.C. Grey